MARGARET TANTUM

*v.*

WILLIAM P. ARNOLD.

A married woman assigned to a stock broker two mortgages, which were her separate property, and also gave him her promissory note endorsed by her husband and secured by another bond and mortgage on her own property, all of such securities being given to enable her husband to carry on with the broker speculations in stocks on margins, which transactions, as well as the securities to facilitate them, are declared void by the statute prohibiting gam-

Tantum v. Arnold.

ing.—*Held*, that she could maintain a suit in her own name to have them transferred to herself as against such broker's assignee, who took them and holds them without consideration and with full notice of their origin and the character of their transfer to the broker, and that she could also enjoin such assignee from disposing of them meanwhile.

Bill for relief.  On general demurrer.

*Mr. James Buchanan* and *Mr. G. D. W. Vroom*, for demurrant.

*Mr. J. H. Backes*, for complainant.

The Chancellor.

The bill states that on the ninth of June, 1882, the complainant, who is the wife of Jerome Tantum, assigned a bond and mortgage for $500, owned by her, to Charles W. West, now deceased; that on the 23d of the same month she assigned to him another bond and mortgage of hers, for $2,200, and that on the 16th of October following she endorsed to him a promissory note for $4,000, made by her husband to her order, and she and her husband gave to him a mortgage upon real property of hers to secure the payment of the note; that the assignments of the two bonds and mortgages and the endorsing of the note, and the giving of the mortgage to secure the payment thereof, were all without consideration, and that her husband induced her to make the assignments and endorse the note and give the mortgage by promises and persuasion, and that she did all those things at his request and in obedience to his commands, and that the securities were given as margins to secure and pay losses already accrued and which might accrue and become due to West from him in speculations in fluctuations in the price of stocks and other securities in which her husband was the customer and West the broker; that her husband commenced and continued those dealings with West by putting up cash as margins, and that when he exhausted his ability to raise cash for the purpose, West proposed to accept and agreed to take, in lieu of cash, such collaterals as margins as he might induce the

complainant to furnish him for such purpose, West knowing that she was able to furnish collaterals and that her husband was without any means to continue such speculations; that it was stated in the mortgage given by her that it was given to secure a promissory note given by her husband and endorsed by her as collateral security for stock margins; that West never demanded of her payment of the note, but twice required her and her husband to renew it, and they did so; that he retained the original note and the two notes given in renewal; that up to March, 1884, he treated the two mortgages which she assigned to him as her property, surrendering them to her from time to time in order that she might collect the interest thereon; that on the 24th of March, 1884, West, alleging that her husband had sustained large losses in the stock gambling transactions before mentioned, and so was indebted to him in many thousand dollars beyond the amount of the money secured by the three mortgages, assigned the mortgages, without any consideration, to the defendant, his brother-in-law; that the assignment was merely colorable, and that it was not intended that any title to the mortgages should pass thereby, but that West made it because he was aware of the illegality of his dealings with the complainant's husband, and sought in this way to induce her to believe that the defendant was a *bona fide* holder of the instruments. The bill prays that the assignments, made by the complainant, of the two mortgages, the endorsement of the note, and the mortgage given by her and her husband may be decreed to be illegal and void, and may be canceled accordingly, and that the two mortgages assigned by her may be delivered up to her, and it also prays an injunction.

Transactions of the character of those stated in the bill—speculations in stocks and securities upon margins—are wagers within the act "to prevent gaming," and are, therefore, unlawful, and securities given to secure the broker against losses therein are void, by virtue of the provisions of the act. *Flagg* v. *Baldwin, 11 Stew. Eq. 219.* The third section of the act provides that all promises, agreements, notes, bills, bonds, contracts, judgments, mortgages, leases or other securities or conveyances,

which shall be made, given, entered into or executed by any per-
son, where the whole or any part of the consideration thereof
shall be for money, property or thing in action whatsoever, laid,
won or betted, in violation of the first section, or for re-imbursing
or repaying any money knowingly lent or advanced to help or
facilitate such violation, shall be utterly void and of none effect.
*Rev. p. 458.* The instruments in question were given to West,
as security against losses in stock gambling transactions between
him and Mr. Tantum. West's assignee now holds them, but he
paid nothing for them, and he took them with full notice of the
illegality of West's title thereto. He holds them, according to
the bill, by a title merely colorable. The act makes the assign-
ments, and the note and mortgage securing it, utterly void and
of no effect. There can be no doubt that equity has jurisdiction
to order that they be delivered up and canceled, and that the
mortgages, which were assigned, be also delivered up. *Story
Eq. Jur.* § *303; 2 Pom. Eq.* § *938.* The fact that the assignments
and note are illegal and void, and that the fact of the illegality
does not appear upon the face of those instruments, would give
this court jurisdiction to entertain a suit to compel the defendant
to deliver them up. *Adams Eq. 175.* But the jurisdiction, even
as to them, does not depend on that circumstance. *2 Pom. Eq.* §
*938; Baker* v. *Williams,* in Blunt's note to *Rawden* v. *Shadwell,*
*Amb. 269.*

The assignments, and the note and the mortgage securing it,
being void for illegality of consideration, the complainant has a
right to have them declared to be so, and to have them delivered
up and canceled, and to have the mortgages, which were as-
signed, also given up, and, as ancillary to the relief, she is en-
titled to an injunction restraining the defendants from parting
with the instruments. The suit is in accordance with and in
furtherance of the policy of the law. Whether the provision of
the fourth section of the act, that if any such sale, conveyance,
lease or mortgage of either real or personal estate as is made
void in the preceding section shall be made, the same shall enure
to the use of the heirs or legal representatives of such vendor,
bargainor, lessor or mortgagor, and shall vest the whole estate

and interest so attempted to be transferred in such property, to all intents and purposes, in such heirs or legal representatives, in the same manner as though such vendor, bargainor, lessor or mortgagor had died intestate, was not designed to affect those persons alone who pay gambling debts with their own property, and whether it applies to those who, like the complainant, are induced, by another person, to pledge their property for the gambling debt of such other person, especially where the circumstances are such as this case presents, are questions which it is not necessary to pass upon at this time. The demurrer will be overruled.